## Knickerbocker Ice Co. v. Edward W. Murphy.

1.  SUB-CONTRACTOR—*Can Not Recover under the Common Counts.*— A sub-contractor can not recover under the common counts for goods sold and delivered, or for money paid and received.

**Assumpsit.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.    Heard in this court at the March term, 1895.    Affirmed.    Opinion filed June 3, 1895.

ISRAEL COWEN, attorney for appellant.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

William D. Gleason undertook to furnish the materials and do the work of the masonry of a house for the appellee.

Gleason procured materials, on his own account, from the appellant.    An item of $43.63, in regard to which the brief of the appellant urges that it was procured upon the account

of the appellee, is not so proved by any testimony definite enough to base a verdict upon.

The appellant's abstract says, "Declaration, consisting of common counts." Without looking at the record we assume that a count for goods sold and delivered, and a count for money had and received, were in the declaration, and hold that if they were, they were of no use.

If the fact were that under Sec. 37, Liens, the appellant had any claim upon the appellee, it was to be prosecuted in an action against him and Gleason jointly, and upon a declaration consistent with the cause of action.

The appellee had bought nothing from the appellant—had received no money from any source for the use of appellant.

The "Per Curiam" opinion in Culver v. Fleming, 61 Ill. 498, is not enough to warrant a disregard of legal principles in cases now pending. That case was commenced before a justice and no form of pleading was in question; and the non-joinder of the contractor (if he was not joined), is not alluded to in the opinion. Affirmed.